# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SAMANTHA ELMORE,

    Plaintiff,

v.                           CASE NO. 8:23-cv-977-SDM-TGW

OAK HILL WEST VIRGINIA
CHILD PROTECTIVE SERVICES, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for her complaint. Her complaint broadly asserts "due process" violations pursuant to 42 U.S.C. § 1983 and other causes of actions, which appear to stem from a family court proceeding (Doc. 1, p. 3). Thus, the defendants in this matter are Fayette County Circuit Court Judge Paul M. Blake, Oak Hill West Virginia Child Protection Services, Oak Hill West Virginia Police Department, Fayette County DHHR Child Protection Services, and the Fayetteville County Public Defender. For the reasons discussed, I recommend that the matter be dismissed without prejudice.

I.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing

of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii). The latter requires that the complaint allege facts from which the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

II.

The plaintiff used a court provided "Pro Se Complaint" form to draft her complaint. Under the "Statement of Claim" section, the plaintiff has set forth, in relevant part, the following (Doc. 1, p. 6):

> Child Protective Services and Fayetteville WV Sheriff Dep. Violated Fifth Amendment privilege[sic] applies self-incriminating testimony. Equal Protection 14th Amendment unreasonable searches and seizures.

From what can be gleaned in a later portion of the form, under the section titled "Injuries," it appears that the plaintiff had her children removed from her custody and demands their return (id., p. 5). Moreover, the plaintiff broadly claims that she was "mental[ly] abuse[d]" and that her

2

children were kidnapped through "the use of threats, verbal insults[sic] and other more subtle tactics" (id.).

There is a litany of issues with the plaintiff's complaint. As an initial matter, the plaintiff does not identify a legal basis for suing Judge Blake. Judges are entitled to absolute judicial immunity from damages for acts or omissions associated with the judicial phase of the civil or criminal process. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Judicial immunity does not apply only in situations where the judge, acting in his or her judicial capacity, ruled "in the clear absence of all jurisdiction." Id. The plaintiff does not allege any facts that the judge's actions did not constitute a normal judicial function within the scope of their assigned jurisdiction. Similarly, under the Eleventh Amendment, a state is protected from being sued in federal court without the state's consent. The Eleventh Amendment "immunizes an unconsenting state from suits brought in federal court" by private citizens. Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (internal citation omitted). Thus, some of the remaining defendants may also be immune from this lawsuit.

Further, as indicated, the crux of the plaintiff's complaint appears to center around a decision made in family court. Thus, it appears that the plaintiff essentially seeks to overturn her state-court decision. That

3

result is barred by the Rooker-Feldman doctrine. That doctrine applies to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and, thereafter, inviting the district court to review and reject of the state-court judgment. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005); Blough v. Nazaretian, 704 Fed. Appx. 820, 822 (11th Cir. 2017); see also Sanders-Bey v. Massachusetts Dept. of Revenue, No. 5:20-CV-533-PGB-PRL, 2021 WL 11644427 at *3 (M.D. Fla. Mar. 29, 2021), report and recommendation adopted, No. 5:20-CV-533-PGB-PRL, 2021 WL 11644425 (M.D. Fla. Apr. 15, 2021).

Finally, based on the plaintiff's complaint, it appears that the events leading to this matter took place in Fayette County, West Virginia and that all of the defendants reside in Fayette County. The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...." 28 U.S.C. § 1391(b)(1),(2). Thus, the proper forum for this action is the United States District Court for the Southern District of West Virginia.

Under these circumstances, it is appropriate to allow the

4

plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (Section 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required by Fed.R.Civ.P. 15(a)). But in all events, any such complaint would need to be filed in the United States District Court for the Southern District of West Virginia. I therefore recommend that the complaint and the Motion to Proceed *In Forma Pauperis* (Doc. 2) be dismissed without prejudice.

                                        Respectfully submitted,

                                  THOMAS G. WILSON
                        UNITED STATES MAGISTRATE JUDGE

DATED: January 16, 2024.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal

5

conclusions.